IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02616-GPG

ROBERT L. PACHECO,

    Applicant,

v.

DENVER COUNTY JAIL,
DOC, and
ME. DIGGING,

    Respondents.

## ORDER OF DISMISSAL

On September 22, 2014, Applicant Robert L. Pacheco initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On September 23, 2014, Magistrate Judge Boyd N. Boland entered an order and directed Applicant either to submit a request to proceed *in forma pauperis* on a proper Court-approved form or in the alternative to pay the $5 filing fee. Applicant was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

Then on September 30, 2014, the September 23 Order was returned to the Court and the envelope was marked, "RTS" and "Not Here." Applicant also filed an Amended Application and a certified account statement on September 30, 2014, but he did not submit a request to proceed *in forma pauperis* or in the alternative pay the $5 filing fee. In a Minute Order entered on October 27, 2014, Magistrate Judge Boland found that the

statement was not current and again directed Applicant to submit a request to proceed *in forma pauperis*, along with a current certified account within thirty days.

On November 3, 2014, the envelope containing the October 27, 2014 Minute Order was returned to the Court and marked "RTS # Not Valid."  The Court determined that Applicant's "DPD Number" was incorrect and entered another minute order on December 4, 2014, that directed the Clerk of the Court to resend the October 27 Minute Order to Applicant with the Correct DPD Number.  On December 23, 2014, the Minute Order again was returned to the Court but this time the envelope was marked, "Released."

In accordance with the Local Rules of Practice for the United States District Court for the District of Colorado, D.C.COLO.LAttyR 5(c), Applicant is required to notify the Court of an address change within five days after the change.  Applicant has failed to comply with the Court's Local Rules.  Applicant also has now failed to communicate with the Court, and as a result he has failed to cure the deficiencies within the time allowed.  The Court, therefore, will dismiss the action.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to cure the deficiencies and for failure to prosecute.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

DATED at Denver, Colorado, this   12th   day of    January   , 2015.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court